Appellee, Mrs. Owens, owned five shares of the capital stock of the Duke State Bank, of Duke, Okla. On June 7, 1911, at a meeting of the stockholders, it was ascertained that said bank was insolvent. An assessment was levied by the state authorities upon the stockholders, including appellee, of an amount equal to the par value of the stock held by the respective shareholders. Appellee executed her note on that date for $500, in compliance with the law and the assessment made by the State Bank authorities. This note was due January 1, 1912, stipulated for interest at the rate of 10 per cent. from maturity until paid, and by agreement of all parties was made payable to the order of J. H. Burnett, and secured by a mortgage on a half section of land in Terry county, Tex. J. H. Burnett was the president of appellant bank, and the notes of the *Page 735 
stockholders were made payable to him as a matter of convenience, for the reason that at said meeting appellant bank was appointed the liquidating agent for the defunct bank. The mortgage given to secure the note contained the following provision:
"Provided always that these presents are upon the express condition that whereas said party [Mrs. Lona Owens] has this day executed and delivered one certain promissory note in writing to said party of the second part, described as follows: For $500.00 dated June 7, 1911, and due January 1st, 1912, in case the assets of the Duke State Bank will not pay its liabilities."
It was agreed at the meeting on June 7th that the Farmers' 
Merchants' Bank should assume and pay all the liabilities of the Duke State Bank, and the stockholders of the last-named bank on that day appointed M. O. Owens and A. L. Perry a committee to settle and wind up the affairs of the insolvent bank. It is alleged by plaintiff that Owens and Perry were named agents for that purpose, and that all the stockholders agreed to abide by any and all settlements made by said committee, and that this agreement was approved by the banking department for the state of Oklahoma; that in accordance with said agreement certain assets of the insolvent bank were delivered to the Farmers' 
Merchants' Bank. It was alleged and shown by the evidence that appellant had paid off and discharged practically all the liabilities of the insolvent bank, aggregating approximately $20,600; that it had used due diligence in realizing from the assets turned over to it, and on the 17th day of January, 1912, made a full report of its transaction to Perry and Owens. There is a conflict in the evidence as to the amount of money realized by appellant bank from the assets of the insolvent concern. On June 7th, at the meeting of the stockholders mentioned above, a written contract was executed by J. H. Burnett, representing the Farmers' 
Merchants' Bank, and Perry and Owens, representing the insolvent bank, setting out the terms and conditions under which appellant should assume the liabilities of the insolvent bank. Paragraph second of the contract is as follows:
"Parties of the first part [Perry Owens] for and in consideration of J. H. Burnett, party of the second part, duly appointed representative of the Farmers' Merchants' Bank of Duke assuming the liabilities above mentioned, agree and do hereby assign and deliver to the said party of the second part, the assets of the Duke State Bank at Duke, a list of which is hereto attached; and the parties of the first part do further agree to protect said party of the second part against any loss by reason of depreciation of the assets of the Duke State Bank that are delivered to the party of the second part by certain securities that are now held by the party of the second part and also a deed to the banking building owned by the Duke State Bank, said deed to be held in escrow until date of final settlement."
The third paragraph is:
"It is mutually agreed by parties of the first part and the party of the second part, that on or before January 2, 1912, a final settlement be made; that if the assets that are assigned and delivered to the party of the second part, a list of which is attached, are not sufficient to reimburse said party of the second part that the securities or a part thereof, of sufficient to cover any loss sustained by reason of assuming the liabilities of the Duke State Bank now held by party of the second part, and the deed held in escrow, become the property of the second party; however, if at the time of final settlement there has been sufficient fund realized from the assets of the Duke State Bank or from the securities held by the party of the second part, then party of the second part shall return to parties of the first part, the securities or any part of them, that remain in hand at the time of final settlement and the deed held in escrow shall be returned to parties of the first part."
Matters remained in this condition until January 17, 1912, at which time Perry and Owens, joined by two stockholders of the defunct bank, viz., Phelps and Witcher, transferred to J. H. Burnett, as the representative of appellant bank, all of the notes, including the $500 note executed by appellee, Mrs. Owens. The written agreement effecting this transfer recites that the balance due appellant bank, to be settled under the terms of the contract of June 7, 1911, is $16,157.34, and that in full satisfaction and settlement of said sum, and in full settlement of the individual liability of the stockholders of the defunct bank, all of the assets of the Duke State Bank of whatsoever kind and character, consisting of the bank building, furniture, fixtures, notes, accounts, real estate, personal property, including notes theretofore given to the said Burnett, by the stockholders as security, should become the property of appellant bank, and that said stockholders' notes should become an absolute liability, and were declared to be immediately due and payable. Thereafter this suit was filed to recover of Mrs. Owens the amount evidenced by her note and to foreclose the mortgage given to secure it. At the time of the execution of the note she was a feme sole and in the interim married M. O. Owens, one of the agents appointed at the stockholders' meeting mentioned above. Joined by her husband, she alleged as a defense that the transfer of the note in question, together with the notes of other stockholders, and the assets of the defunct bank, had been made by Owens and Perry under duress, that Owens and Perry were officials of the defunct bank prior to its insolvency, and that J. H. Burnett threatened to prosecute them for alleged criminal mismanagement of the affairs of the bank. The jury returned a verdict in favor of defendant, Mrs. Owens.
Two assignments of error are urged here: The first is predicated upon the failure of the court to give a special charge requested by appellant; and the second, raising practically the same question, complains of the general charge. The fifth paragraph of the court's charge, and of which complaint is made, is in part as follows: *Page 736 
"You will find for the plaintiff, unless you believe from a preponderance of the evidence that the said contract of January 17, 1912, was executed and signed by said M. 0. Owens under duress, or that the assets of the Duke State Bank had been sufficient to satisfy the liabilities thereof under the contract of June 7, 1911, as you are instructed in special charge No. 3 of defendants."
Special charge No. 3 is as follows:
"At request of counsel for the defendant, you are instructed in connection with the court's main charge, that if you believe from the evidence that the plaintiff herein entered into a contract or contracts with the defendant, Lona Owens, for the purpose of guaranteeing the plaintiff herein against loss on account of the affairs of the Duke State Bank, and the said Lona Owens executed the note and deed of trust introduced before you, sued on herein, and if you believe that the assets of the Duke State Bank have been sufficient to satisfy the liabilities thereof under the terms of the contract of June 7, 1911, then you are instructed that the defendant Lona Owens would not be compelled to pay the note sued on unless you further find that subsequent agreements have been made by said Lona Owens, which might require her to pay said note; and upon this issue, you are authorized to consider all the evidence before you."
Appellant contends that the court erred in charging disjunctively in paragraph 5, which authorized the jury to return a verdict in favor of defendant if they believed either that Owens had acted under duress, or if the Duke State Bank's assets had been insufficient to pay its liabilities; and it insists that the court should have given the following special charge, which was requested by It:
"You are charged that, although you find, if you do so find, that the contract of January 17, 1912, signed by A. L. Perry and M. O. Owens, and the stockholders committee, is void by reason of duress or threats, the plaintiff would still be entitled to recover if you find from a preponderance of the evidence that the assets of the Duke State Bank had, at the time of the institution of this suit, failed to pay its liabilities."
Under the express terms of the mortgage and paragraphs 2 and 3 of the contract of June 6, 1911, plaintiff was entitled to recover from this appellee ratably with the other stockholders only so much as would pay off any deficit which remained after applying all of the assets of the defunct bank to the payment of its liabilities. Plaintiff's pleadings utterly ignored this phase of the case. The plaintiff sought to recover as the absolute owner of the note and mortgage in question, evidently basing its suit upon the contract of January 17, 1912. The petition contains no allegations of fact or prayer in the alternative that it be allowed to recover under the terms of the contract of June 7, 1911, in the event it should be held not to be the absolute owner of the note and mortgage under the contract of January 17, 1912. This being the state of the pleadings, the general charge was more favorable to appellant than it had the right to ask. Having sued in the capacity of absolute owner of the note to recover the full amount thereof, it was clearly not entitled to a charge under which it might recover as the holder of a note executed and delivered as a guaranty, and under a contract which might reduce the amount of its recovery to considerably less than the face of the note. The error, if any, is in appellant's favor, and it has no right to complain. The judgment is affirmed. *Page 773